IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| LEONARD WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 19-cv-03226 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM SUPPLEMENTING *PRO SE* MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE PURSUANT TO U.S.C. § 2255**

Now comes Leonard Williams by his appointed counsel, D. Peter Wise, of Gates Wise Schlosser and Goebel presents the following memorandum which supplements Leonard Williams' previously filed *pro se* Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255 stating as follows:

In his *pro se* pleading, Leonard Williams argues that his trial counsel was constitutionally ineffective during the process of negotiating his plea agreement when counsel failed to object to the government incorporating its notice of Prior Conviction pursuant to 21 U.S.C. § 851 into paragraph 8 of the plea agreement.

Initially, Mr. Williams argued that the conviction listed in the government's notice did not meet the federal definition of a felony drug

conviction. Leonard Williams was charged in a four count indictment. Count one charged that the defendant and Lonnie Williams knowingly and intentionally conspired to distribute one hundred grams or more of heroin, a schedule I controlled substance. On March 7, 2018, the government had filed an Information Charging Prior Offenses pursuant to 21 U.S.C. § 851. (Doc. 16) This notice listed a prior conviction of Mr. Williams that could qualify as a basis for sentencing enhancement. That prior conviction was for the offense of manufacture/Delivery of a Controlled Substance in, 10-CF-859. (Doc 33). In that case Mr. Williams was convicted of unlawful delivery of cocaine, a controlled substance. The 851 notice alleged that the effect of the prior conviction for this alleged "felony drug offense" was that Leonard Williams was subject to a sentence of not less than 10 years and up to life imprisonment, a fine not to exceed $8 million, and supervised release term of not less than 8 years. (Doc. 33).

On April 27, 2018, Leonard Williams appeared before United States Magistrate Judge Thomas Schanzle-Haskins and pled guilty to Count One of the indictment, pursuant to a written plea agreement. (Doc. 18). Count one charged Mr. Williams with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §846, 21 U.S.C. §841 (b)(1)(B) and 21 U.S.C. §841 (a)(1). Paragraph 8 of the plea agreement

read as follows:

    8.    **Because the defendant has one prior qualifying conviction under 21 U.S.C. §851**, the charge of conspiracy to distribute 100 grams or more of a substance containing heroin has the following potential penalties:

        (1)    Not less than 10 years and up to life imprisonment;

        (2)    Maximum $8,000,000 fine;

        (3)    Not less than an 8 year period of supervised release.

During the negotiation of the plea agreement, Leonard Williams' trial counsel did not object to the alleged prior qualifying conviction stated in the 851 notice that was incorporated into paragraph 8 of the plea agreement. If the plea agreement had not referenced the alleged prior qualifying conviction, then Leonard Williams would have faced a potential penalty of (1) not less than 5 years and not more than 40 years imprisonment; (2) maximum $5,000,000 fine; and (3) a term of supervised release of at least four years. 21 U.S.C. section 841(b)(1)(B).

    Prior to sentencing , the United States Probation Office prepared a Presentence Investigation Report. The probation officer calculated an

adjusted offense level of 24. (Doc 33, ¶37) The probation officer then applied the career offender guidelines. (*Id.* ¶38). The probation officer calculated the career offender offense level as 37 because the statutory maximum term of imprisonment was life (*Id.*) After the three-point reduction for acceptance of responsibility the total offense level was 34. Mr. Williams' criminal history category of VI yielded a guideline range of 262-327 months of imprisonment.

Without the prior qualifying conviction stated in paragraph 8 of the plea agreement, Mr. Williams' offense level as a career offender would have been 34. USSG 4B1.1 (b)(2). His total offense level would have been 31. This offense level would have yielded a guideline sentencing range of 188-235 months of imprisonment.

Mr. Williams was sentenced on September 24, 2018. His trial counsel argued that due to the significant mitigating evidence that had been presented to the court, "of all the people that deserve a break– and a break in this case is the mandatory minimum of 10 years--it's Mr. Williams." (Transcript of sentencing hearing, pg. 19). This court sentenced Mr. Williams to 120 months imprisonment and imposed an 8 year term of supervised release. (Sentencing transcript, page 30)

On September 20, 2019, Leonard Williams filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. Mr. Williams

alleged that his trial counsel was ineffective for failing to apply the categorical approach to determine whether his prior Illinois manufacture and delivery of cocaine conviction was predicate quality offense for 21 U.S.C. §851. Williams' motion states that trial counsel should have argues that the conviction was not a categorical match with the federal definition of cocaine and therefore was not a proper qualifying conviction under 21 U.S.C. §851. (Doc.1)

## Waiver

The government argues that Mr. Williams' §2255 challenge to his conviction is barred by the collateral review waiver in this plea agreement. That waiver is stated in paragraph 19 of the plea agreement. The waiver states, "… The defendant knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and/or sentence 'including, but not limited to, the amount of any fine or restitution imposed', and any collateral attack including, but not limited to, a motion brought under title 28, U.S.C., §2255. The waiver in this paragraph does not apply to a claim of ineffective assistance of counsel." (Doc. 19). Mr. Williams relies on the last sentence of the waiver provision, namely that the waiver he agreed to does not apply to claims of ineffective assistance of counsel. The Seventh Circuit has established that an attorney's ineffectiveness with regard to the plea

agreement process as a whole renders the waiver unenforceable. *Hurlow v. United States* 726 F.3d 958, 965 (7th Cir. 2013) "A direct or collateral review waiver does not bar a challenge regarding the validity of a plea agreement (and necessarily the waiver it contains) on grounds of ineffective assistance of counsel; [defendant] need not have alleged that his counsel was ineffective in the negotiation of the waiver provision of his plea agreement specifically." *Id.* This is exactly how the collateral review waiver was explained to Mr. Williams when the magistrate judge accepted his plea and when this court sentenced Mr. Williams. (Recording change of plea hearing 18:30, Sentencing transcript p.6)

Mr. Williams specifically argues that his trial counsel was ineffective with respect to the process of negotiating a plea agreement. Mr. Williams argues that his trial counsel was ineffective for failing to object to the inclusion of the alleged qualifying conviction under 21 U.S.C. §851 in paragraph 8 of the Plea Agreement.

### Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the Petitioner must satisfy the two-pronged standard of performance and prejudice set forth in *Strickland v. Washington, 466 U.S. 668.* First, one must show that counsel's performance of representation "fell below an objective standard of reasonableness". *Id. 669* Secondly, one must show

6

prejudice in that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* 695 Further, by way of explanation, The Court in *Strickland* stated that "The Sixth Amendment refers simply to 'counsel', not specifying particular requirements of effective assistance. It relies instead on the legal profession's maintenance of standards sufficient to justify the law's presumption that counsel will fulfill the role in the adversary process that the Amendment envisions. (Citation omitted) The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* 688

    The government argues that Mr. Williams' trial counsel "is not required to think of every argument or to anticipate changes in the law". (United States' response to petitioner's motion, Doc. 6 Pg 6). However, very recently the Seventh Circuit stated, "that there are some circumstances where [counsel] may be obliged to make, or at least to evaluate, an argument that is sufficiently foreshadowed in existing case law." *Bridges v. United States* 991 F.3d 793, 804 (7th Cir. 2021) In *Bridges*, the defendant was seeking postconviction relief under 28 U.S.C. §2255 alleging he was denied effective assistance of counsel in pleading guilty. He argued that his lawyer failed to realize and argue that Hobbs act robbery did not then qualify as a "crime of violence" under the

guidelines so he should not have been categorized as a career offender. *Id* at 797. When Bridges pled guilty and was sentenced there was no binding precedent in the Seventh Circuit on that issue.  Bridges argued that competent counsel would have recognized the issue or at least known to investigate it. *Id.*  The district court denied relief without a hearing.  The Seventh Circuit reversed and ordered an evidentiary hearing on counsel's performance. *Id.*

The court noted that when Bridges was pleading guilty and being sentenced, the categorical approach was well established.  "Competent counsel would also know that the categorical approach frequently produces counterintuitive results and has been the subject of much judicial handwringing." *Id.* at 804.  Leonard Williams' counsel should have been well aware of the categorical approach to determine whether Williams' prior Illinois cocaine conviction was a "felony drug offense" to determine whether that prior conviction would qualify as a predicate conviction for 21 U.S.C. §851.  At the time of Mr. Williams' guilty plea and sentencing hearing three of trial counsel's colleagues were appellate counsel in Seventh Circuit cases where the categorical approach was used to determine that a prior state court drug conviction did not qualify as a predicate felony drug offense.  See *United States v. Elder* 900 F 3rd 491 (7th Cir. 2018), *United States v. De La Torre*, 940 F.3d 938 (7th

Cir.2019).

Today, there is no question that an Illinois controlled substance offense involving cocaine is not a "felony drug offense" within the meaning of federal law. In *United States v. Ruth*, 960 F.3d 642 (7th Cir.2020), the Seventh Circuit applied the categorical approach established in *Taylor v. United States*, 495 U.S. 575 (1990) to determine whether a prior Illinois cocaine conviction is a "felony drug offense" within the meaning of federal law.  The *Ruth* court concluded that, "on its face,... The Illinois statute is categorically broader than the federal definition." *Id.* at 647.  Thus, an Illinois cocaine conviction cannot be a qualifying predicate "felony drug offense" pursuant to 21 U.S.C. § 851.

However, when trial counsel negotiated the plea agreement in this case, other members of the Federal Defender's Office of the Central District of Illinois were appellate counsel in cases where the categorical approach was being used to challenge state drug convictions as qualifying predicate "felony drug offenses." *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018).  Johanna Christiansen and Thomas Patton were counsel for the appellant.  The issue in that case was whether, under the categorical approach of *Taylor*, his 1999 dangerous drug Arizona conviction qualified as a felony drug offense.  The Seventh Circuit applied the categorical approach of *Taylor* and determined that

9

Mr. Elder's state court conviction could not serve as a predicate offense. *Id.* at 501.  In this case, Ms. Christiansen filed the appellant's brief on January 12, 2018, three months before Mr. Williams' guilty plea. Seventh Circuit Court of Appeals docket 17 - 2207, 01/12/2018 entry 12.  Thus, trial counsel in this case had a winning Seventh Circuit brief at his fingertips on the issue of applying *Taylor's* categorical approach to challenge whether Mr. Williams' 2010 Illinois manufacture and delivery of cocaine case  was a predicate felony drug offense.

In *United States v De La Torre*,  940  F.3d 938 (7th Cir. 2019), Daniel Hillis, another office colleague of Mr. Williams' trial counsel, entered his appearance as appellate counsel  on June 6, 2018. Court of Appeals docket # 18-2009  6/06/2018 entry 13. In that case the Seventh Circuit was called on to determine whether the  state court methamphetamine convictions of some of the defendants met the federal definition of "felony drug offense" for purposes an 851 enhancement.  Again, the court applied *Taylor's* categorical approach.  Once again, the court ruled that these prior convictions did not meet the definition of a "felony drug offense. *Id.* at 949. Trial counsel for Mr. Williams had Mr. Hillis at his disposal to help him evaluate and make a categorical approach *Taylor* argument with respect to Mr. Williams' prior cocaine conviction.

In this case Mr. Williams' trial counsel had the tools and resources to mount a categorical approach argument that Mr. Williams' 2010 Illinois cocaine conviction was not a qualifying predicate offense for 21 U.S.C. § 851. Competent counsel would have used the resources at his disposal to make a categorical approach argument with respect to Mr. Williams' prior conviction. As the *Bridges* court stated, "defense counsel may be required to anticipate arguments foreshadowed but not yet adopted by existing case law." *Bridges*, 991 F.3d at 803. Counsel's failure to do so severely prejudiced Mr. Williams. Rather than facing a mandatory minimum five-year sentence, he faced a ten year mandatory minimum. Also, Mr. Williams career offender guideline became substantially higher. Finally, this term of supervised release went from up to 4 years to an 8 year term of supervised release.

In *Ruth*, Justice St. Eve began her opinion with "In what is becoming an all-to-familiar subject, this appeal raises a question about whether a state drug statute sweeps more broadly than its federal counterpart because the former includes a particular isomer of a substance that the latter does not."

Mr. Williams' trial counsel should have used the knowledge of his office to raise a categorical approach challenge in this case. The failure to do so violated Mr. Williams' Sixth Amendment right to effective

11

assistance of counsel.

                                      Respectfully submitted,
                                      Leonard Williams - Petitioner

                                      **s/ D. Peter Wise**

D. Peter Wise, Bar Number: 6187876
Gates, Wise, Schlosser & Goebel
1231 South Eighth Street
Springfield, IL. 62703
Telephone:  217/522-9010
Fax: 217/522-9020
E-Mail:  peter@gwspc.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 5, 2021, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

Matthew Z. Weir
Assistant United State's Attorney
318 South Sixth Street
Springfield, IL 62701-1806
217-492-4450

matthew.weir@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:


**s/ D. Peter Wise**
D. Peter Wise, Bar Number: 6187876
Gates, Wise, Schlosser & Goebel
1231 South Eighth Street
Springfield, IL. 62703
Telephone:  217/522-9010
Fax: 217/522-9020
E-Mail:  peter@gwspc.com