**From:** Johanna_Christiansen@fd.org <Johanna_Christiansen@fd.org> **On Behalf Of** Johanna_Christiansen@fd.org [FPD_ILC]
**Sent:** Saturday, August 18, 2018 8:49 AM
**To:** FPD_ILC@yahoogroups.com
**Subject:** [FPD_ILC] August 17, 2018 Weekly Update

**1. Remember to Check those Prior Convictions!**

This is a reminder to thoroughly evaluate the classification of all of your clients' prior convictions, whether they are used merely for criminal history points or for recidivist enhancements under the Armed Career Criminal Act, the career offender and other guidelines, immigration cases, or other statutes.

Importantly, this week the Seventh Circuit found that a defendant's prior conviction was not a felony drug offense under 21 U.S.C. § 841's recidivist provision because the state statute was broader than the generic federal drug offense listed in 21 U.S.C. § 802(44). The state (Arizona in this case) criminalized substances that were not listed in the federal statute, thereby making it broader than the generic statute. This lowered the mandatory minimum sentence from 20 years to 10 years. See the further summary of the case, *United States v. Elder,* No. 17-2207, below.

If you have questions about classification of prior convictions in one of your cases, please feel free to contact any of our offices for further information.

**2. Save the Date!**

Our office will be hosting a fall seminar on November 16, 2018, in Rock Island, Illinois for all interested attorneys from any district. It will be an all-day conference at the Holiday Inn Rock Island-Quad Cities located at 226 17th Street in Rock Island. Further details will be forthcoming.

**3. Supreme Court Activity Since Last Update**

The Supreme Court has not granted *certiorari* in a criminal case for the October of 2018 Term and has not decided any cases since the last update.

**4.  Seventh Circuit Activity Since the Last Update**

The Seventh Circuit issued the following precedential opinions in criminal cases since the last update:

***United States v. Miller,* No. 17-3514.**  Miller was arrested after police found him unconscious sitting behind the wheel of his car. He was placed in a police car and, at the jail after he was pulled from the car, the officer found a handgun on the floor where Miller's feet had been. He argued there was insufficient evidence for the jury to convict him of being a felon in possession of a firearm. The Court of Appeals affirmed holding that the officer testified that Miller's accident was his first call of his shift after he found the back seat of his car empty, the gun was found where Miller had his feet, and the video

revealed it was possible Miller was concealing the gun even after a pat down.  The Court reversed and remanded for resentencing, however, holding that there was a procedural error at sentencing where the district court relied on erroneous information about the number of Miller's prior felony convictions.

**United States v. Elder,** **No. 17-2207.**  Elder was convicted of participating in a conspiracy to distribute methamphetamine.  The government filed a notice pursuant to 21 U.S.C. § 851 notifying him that he had a prior felony drug offense that would subjected him to a mandatory minimum sentence of 20 years under 21 U.S.C. § 841(b)(1)(A).  Elder argued on appeal that his 1999 Arizona conviction for possession of equipment or chemicals for the manufacture of dangerous drugs was not a prior drug offense under 21 U.S.C. § 802(44).  The Court of Appeals agreed holding that (1) the categorical approach applies to the analysis of whether a prior conviction qualifies under the recidivist provisions of 21 U.S.C. § 841; (2) the district court erred by not applying the categorical approach to the prior conviction; (3) the 1999 version of the Arizona statute was broader than the generic definition of a felony drug offense in § 802(44) because Arizona criminalized substances that the federal statute did not; and (4) the statute was not divisible, thereby preventing the Court from applying the modified categorical approach.  Based on the procedural history of the case, the Court of Appeals ordered a limited *Paladino*-like remand, allowing the district court to determine whether it would like to resentence Elder now that his statutory minimum sentence has been lowered to 10 years.

**United States v. Williams,** **No. 18-1002.** Williams argued on appeal that his conviction should be reversed because the district court improperly admitted expert testimony.  He also argued the government did not give him proper notice of what the expert planned to say at trial.  The Court of Appeals affirmed, holding that the district court did not improperly admit the evidence.  The Court also held that the government "probably" violated the notice requirements but any error was harmless giving the overwhelming evidence of his guilt.

**United States v. George,** **No. 17-1714.**  George was charged with a Medicare fraud scheme.  She was tried for conspiracy to offer kickbacks and for receiving kickbacks for Medicare referrals and found guilty by the district court.  On appeal, she argued there was insufficient evidence to support her conviction, that the court should have limited the government's cross-examination of her, and the court failed to designate a missing witness as such.  The Court of Appeals affirmed, holding that the evidence of conspiracy was sufficient.  George had an ongoing agreement with the provider, provided referrals on a regular basis for which she was paid per-patient, and her ability to obtain payments depended on the success of the overall scheme.  The Court also held there was sufficient evidence of the substantive charges including corroboration of her incriminating statements.  In addition, her conduct did not fall within the safe harbor provisions of the statute.  Finally, the Court held that even if the district court's ruling on the missing witness was erroneous, any error was harmless.

**United States v. Jones**, **No. 17-2658.**  Jones was convicted after a jury trial of possessing and conspiring to distribute methamphetamine.  In calculating the sentence, the district court considered Jones's possession of a gun in the purse of his co-conspirator and several quantities of methamphetamine for which Jones was arguably not responsible.  The Court of Appeals affirmed, finding the district court did not commit clear error by holding Jones responsible for the actions of his conspirators.

***United States v. Jackson,*** **No. 17-2117.**  Jackson was found guilty by a jury of conspiracy to distribute heroin and other related charges.  On appeal, Jackson argued that the district court abused its discretion when it allowed a witness to testify that he had threatened to kill her.  He also argued the government's closing argument contained improper vouching.  The Court of Appeals affirmed, holding that the testimony regarding the treat was relevant to, and probative of, the issue of whether Jackson had conspired to distribute heroin.  The Court also held that, even if the government's comments were improper, the evidence against Jackson was overwhelming.

**5.  Issues Pending in the Seventh Circuit**

For a complete list of issues pending in the Seventh Circuit, click HERE.  The new issues filed in briefs in the Seventh Circuit since the last update are listed below.

Whether the district court abused its discretion in failing to ask the venire questions to determine whether any members had biases or prejudices based on race, ethnicity, immigration status, or substance abuse or addiction? *United States v. Garcia,* No. 18-1735.

Whether the district court erred in imposing sentence based on unreliable information and in ignoring the serious immigration consequences of the guilty verdict when considering the appropriate punishment for the offense of conviction? *United States v. Garcia,* No. 18-1735.

Whether the district court applied an acceptable method of calculating the loss, which shall include credits against loss under § 2B1.1, Note 3(E)9i) and whether the district court properly calculated the loss? *United States v. Stoen,* No. 18-2256.

Whether the supervised release condition requiring Mr. Shahbaz to remain in the judicial district be vacated as unconstitutionally vague? *United States v. Shahbaz,* No. 17-3455.

Where the defendant does not leave his home with guns or drugs, does a firearm facilitate a felony possession of drugs such that a defendant can receive an enhancement for possession of the gun in connection with another felony offense?  *United States v. Briggs,* No. 18-1415.

Whether Counts 6-8 of the indictment fail to allege smuggling under 18 U.S.C. § 545? *United States v. Lee,* No. 18-1687.

Did the allegations of Counts 1-5 of the indictment, in combination with an international treaty, affirmatively negate the existence of any wire fraud based on an allegation that Lee promised to provide goods compliant with § 1605 of the American Recovery and Reinvestment Act ("ARRA")? *United States v. Lee,* No. 18-1687.

Did the district court allow an impermissible constructive amendment of the indictment? *United States v. Lee,* No. 18-1687.

Did the government present sufficient evidence to prove wire fraud beyond a reasonable doubt? *United States v. Lee,* No. 18-1687.

Did the district court improperly prevent Lee from having the jury determine one of his defenses? *United States v. Lee,* No. 18-1687.

Did the district court err in ordering Lee to pay restitution? *United States v. Lee,* No. 18-1687.

Whether the district court erred in deciding Salgado was a manager/supervisor pursuant to § 3B1.1(b)? *United States v. Salgado,* No. 18-2194.

Whether the district court erred in concluding there were five participants thereby increasing Salgado's offense level by three? *United States v. Salgado,* No. 18-2194.

Whether the district court failed to address the § 3553(a) factors and its sentence was unreasonable? *United States v. Salgado,* No. 18-2194.

Whether a prior state conviction, that was a felony at the time of conviction and later retroactively reduced by the state to a misdemeanor, can serve as a predicate offense to enhance a defendant's sentence under the recidivist provisions of 21 U.S.C. § 841(b)(1)(B)? *United States v. Sanders,* No. 18-2165.

Whether the use of a retroactively-reduced misdemeanor as a prior felony drug offense renders § 841(b)(1)(B) unconstitutional under the Fifth Amendment Due Process Clause in that: (i) the statute violates due process by allowing a misdemeanor, retroactively reduced from a felony, to trigger a recidivist enhancement; or (ii) the statute violates a defendant's right to equal protection because it

4

treats similarly-situated defendants differently based only on the date a state retroactively reduced its minor drug possession laws to misdemeanor offenses?  *United States v. Sanders,* No. 18-2165.

Whether the district court's interpretation of the statute violates the principle of federalism? *United States v. Sanders,* No. 18-2165.

Whether the district court erred in applying a four-level firearms trafficking enhancement under § 2K2.1(b)(5) where there was no record evidence supporting that Mr. Moody knew or had reason to believe that he sold firearms to individuals whose possession would be unlawful or who intended to use the firearm unlawfully, as required by the trafficking definition in Application Note 13?  *United States v. Moody,* No. 18-1837.

Whether a condition of supervised release on the criminal judgment should be vacated because it was not imposed at sentencing? *United States v. Jackson,* No. 17-3350.

Posted by: Johanna_Christiansen@fd.org

**Reply via web post**   •   **Reply to sender**   •   **Reply to group**   •   **Start a New Topic**   •   **Messages in this topic (1)**



Have you tried the highest rated email app?
With 4.5 stars in iTunes, the Yahoo Mail app is the highest rated email app on the market. What are you waiting for? Now you can access all your inboxes (Gmail, Outlook, AOL and more) in one place. Never delete an email again with 1000GB of free cloud storage.

**VISIT YOUR GROUP**

- **New Members 1**

YAHOO! GROUPS
• Privacy • Unsubscribe • Terms of Use

SPONSORED LINKS
.