## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **LEONARD WILLIAMS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 19-CV-3226** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter comes before the Court on Petitioner Leonard Williams's Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 (d/e 1).  Mr. Williams asserts that his trial counsel provided ineffective assistance by failing to object to a sentencing enhancement resulting from a prior conviction. Because Mr. Williams cannot show that his counsel was ineffective, Petitioner's Motion is DENIED.

### I. BACKGROUND

On February 6, 2018, a four-count indictment was filed in Case No. 18-CR-30006 (the "Criminal Case") charging Mr. Williams

and his brother Lonnie Williams with conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), possession of more than 100 grams of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  See C.D. Ill. Case No. 18-CR-30006, d/e 12.  That indictment served as the charging document in the Criminal Case that resulted in the sentence which Mr. Williams now seeks to vacate or correct.  At Mr. Williams's initial appearance in the Criminal Case before United States Magistrate Judge Tom Schanzle-Haskins, Judge Schanzle-Haskins found that Mr. Williams qualified for court-appointed counsel and appointed Assistant Federal Public Defender Douglas Quivey to represent Mr. Williams.  See id., d/e 7.  Mr. Quivey then represented Mr. Williams for the duration of the Criminal Case, which concluded with Mr. Williams's sentencing on September 24, 2018.

In the Criminal Case, the Government filed an Information Charging Prior Offenses on March 7, 2018.  See id., d/e 16.  The Information gave notice pursuant to 21 U.S.C. § 851(a)(1) that Mr. Williams had been convicted of an offense that qualified as a basis

for a sentencing enhancement.  Id.  The conviction referred to in the Information is a 2011 Illinois state court conviction for four counts of delivery of a controlled substance within 1000 feet of a public park under 720 ILCS 570/407(b)(1).  See McLean County Case No. 2010-CF-859.  Mr. Williams was also charged in the McLean County case with four counts of delivery of a controlled substance under 720 ILCS 570/401(c)(2), but the "delivery of a controlled substance" offenses were lesser included offenses that merged with the offenses for delivery within 1000 feet of a public park upon Mr. Williams's conviction.  See id.

On April 27, 2018, Petitioner pleaded guilty to one count of conspiracy to distribute 100 grams or more of heroin pursuant to a written plea agreement.  Criminal Case, d/e 16, ¶ 3.  Petitioner's plea agreement in the Criminal Case was entered into pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure and provided that the Government would move for a two-level reduction in offense level for acceptance of responsibility and an additional one-level reduction for Petitioner timely notifying the Government of his intention to plead guilty.  Id., ¶¶ 11–12.  The Government also promised to recommend a sentence "at the low-

end of the applicable Sentencing Guideline range, as determined by the Court." Id., ¶ 15.

Petitioner's plea agreement also provided, in a section entitled "Potential Penalties," that because Petitioner had one prior qualifying conviction under 21 U.S.C. § 851 the potential penalties for the charge to which Petitioner was pleading guilty included "Not less than 10 years and up to life imprisonment." Id., ¶ 8. Furthermore, Petitioner agreed to waive his right to appeal from his sentence, except with a claim of involuntariness or ineffective assistance of counsel. Id., ¶ 18. Petitioner also waived his right to collaterally attack his sentence, and specifically his right to challenge his sentence through a motion brought under 28 U.S.C. § 2255, except with a claim of ineffective assistance of counsel. Id., ¶ 19.

The U.S. Probation Office prepared a revised Presentence Investigation Report (PSR). Criminal Case, d/e 33. The PSR calculated Mr. Williams's total offense level as 34 and his criminal history category as VI. Id., ¶¶ 41, 51. Accordingly, his advisory Sentencing Guidelines range was 262 to 327 months' imprisonment. Id., ¶ 89. The PSR also provided further detail

regarding Mr. Williams's 2011 conviction in McLean County,
Illinois Circuit Court, Case No. 2010-CF-859, indicating he was
convicted of four counts of unlawful delivery of between 1 and 15
grams of cocaine and four counts of unlawful delivery of between 1
and 15 grams of cocaine within 1,000 feet of Miller Park in
Bloomington, Illinois.  Id., ¶ 48.

On September 24, 2018, a sentencing hearing was held in the
Criminal Case.  Prior to the sentencing hearing, defense counsel
filed a Commentary on Sentencing Factors recommending a
sentence of 120 months' imprisonment, to be followed by 8 years'
supervised release.  Criminal Case, d/e 38.  Attached as exhibits to
the Commentary were a 74-page Mitigation Report prepared by
Mitigation Specialist Kathleen Leifer and a letter of support written
by Mr. Williams's girlfriend, LaShondra Davis.  Id.  At the
sentencing hearing, the Court asked Mr. Williams to "affirm or
deny" whether he had been "convicted of manufacture/delivery of a
controlled substance in McLean County, case number 2010-CF-
859" and asked Mr. Williams whether he understood that he could
not challenge the existence of the prior conviction on appeal or in a
post-conviction proceeding if he did not challenge the existence of

a prior conviction before sentencing.  Mr. Williams affirmed that he had been so convicted and that he understood.  The Court found that Mr. Williams's total offense level under the United States Sentencing Guidelines was 34 and that the applicable Criminal History Category was Roman numeral VI, resulting in a Guidelines sentencing range of 262 to 327 months' imprisonment.  The Court further found that the applicable statutory minimum term of imprisonment was 10 years and that the applicable statutory minimum term of supervised release was 8 years.  The Court then imposed a sentence reflecting the statutory minimums, as determined: 120 months' imprisonment, to be followed by an 8-year term of supervised release.  See Criminal Case, d/e 44.

In December 2018, a few months after Mr. Williams's sentencing, Mr. Williams's former counsel Douglas Quivey left the Federal Public Defender's office for the Central District of Illinois and shortly thereafter accepted a position as an Assistant U.S. Attorney, also in the Central District.  In March 2021, Mr. Quivey began serving as the Acting U.S. Attorney for the Central District of Illinois.  Mr. Quivey is still the Acting U.S. Attorney for this District as of the date of this Opinion.  Mr. Quivey's transition from public

defender to prosecutor created a potential conflict of interest because Mr. Quivey is both a key witness in Mr. Williams's § 2255 case and the head of the Office that would normally be responsible for opposing Mr. Williams's § 2255 motion.  To address this issue, the U.S. Attorney General on May 7, 2021 appointed a Special Attorney from outside of the Central District of Illinois under 28 U.S.C. § 515 to oppose Petitioner's § 2255 motion.

On September 20, 2019, Petitioner filed the instant pro se Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 (d/e 1).  On January 12, 2021, this Court appointed counsel to represent Petitioner under the Criminal Justice Act with respect to Petitioner's § 2255 motion.  On May 5, 2021, appointed counsel filed a supplemental memorandum in support of Petitioner's pro se motion.  In his § 2255 motion and the supporting memorandum, Petitioner argues that he received ineffective assistance of counsel during the negotiation of his plea agreement in the Criminal Case in 2018.  Petitioner argues that his attorney during the Criminal Case, Douglas Quivey, rendered constitutionally ineffective assistance when he did not argue that Petitioner's prior conviction for possession of cocaine with intent to

distribute could not serve as the basis for a sentencing enhancement under 21 U.S.C. § 851.  According to Petitioner, Mr. Quivey should have objected to the application of the § 851 sentencing enhancement because the Illinois statute under which Petitioner was convicted in 2010 applies an overly broad definition of "cocaine."

The Government responded to Petitioner's pro se § 2255 motion on February 3, 2020.  Mr. Quivey was employed at the U.S. Attorney's Office for the Central District of Illinois at the time but was not yet the Acting U.S. Attorney and was not assigned to Petitioner's habeas case.  In its Response (d/e 6), the Government argues: (1) that Petitioner's § 2255 motion is barred by the collateral review waiver in the plea agreement Petitioner entered into before his 2018 sentencing, and (2) that Mr. Quivey's representation of Petitioner in the Criminal Case was not constitutionally ineffective.

On May 13, 2021, an evidentiary hearing was held on Petitioner's Motion.  At the evidentiary hearing, Petitioner was represented by appointed counsel and the Government was

represented by Special Attorney Nathan D. Stump.  Mr. Quivey
was called to testify as a witness.

## II. LEGAL STANDARD

18 U.S.C. § 2255, "the federal prisoner's substitute for
habeas corpus," Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012),
permits a prisoner incarcerated pursuant to an Act of Congress to
request that his sentence be vacated, set aside, or corrected if "the
sentence was imposed in violation of the Constitution or laws of
the United States, or . . . the court was without jurisdiction to
impose such sentence, or . . . the sentence was in excess of the
maximum authorized by law, or is otherwise subject to collateral
attack." 28 U.S.C. § 2255(a).  Relief under § 2555 is an
extraordinary remedy because a § 2255 petitioner has already had
"an opportunity for full process."  Almonacid v. United States, 476
F.3d 518, 521 (7th Cir. 2007).  Post-conviction relief under § 2255
is therefore "appropriate only for an error of law that is
jurisdictional, constitutional, or constitutes a fundamental defect
which inherently results in a complete miscarriage of justice."
Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004)
(quotation omitted).  In considering a § 2255 motion, the Court

reviews the evidence and inferences drawn from the evidence in the light most favorable to the Government.  Carnine v. United States, 974 F.3d 924, 928 (7th Cir. 1992).

A § 2255 motion is not a substitute for a direct appeal.  Doe v. United States, 51 F.3d 693, 698 (7th Cir. 1995); McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996).  Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal.  United States v. Frady, 456 U.S. 152, 165 (1982); Doe, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal.  Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717, 710-20 (7th Cir. 1994).  "[I]t is generally proper to raise arguments of ineffective assistance of counsel for the first time on collateral review in a § 2255 petition because such

claims usually . . . involve evidence outside the record." Galbraith
v. United States, 313 F.3d 1001, 1007 (7th Cir. 2002).

To succeed on a claim of ineffective assistance, a § 2255
petitioner must show: (1) that his attorney's performance fell below
an objective standard of reasonableness; and (2) that he suffered
prejudice as a result. Wyatt v. United States, 574 F.3d 455, 457-
58 (7th Cir. 2009) (citing Strickland v. Washington, 466 U.S. 668,
687-88 (1984)). The first prong is known as the "performance"
prong, and the second is known as the "prejudice" prong. Id.

Under the performance prong, the Court's scrutiny of
counsel's performance is highly deferential. Rodriguez v. United
States, 286 F.3d 972, 983 (7th Cir. 2002). The petitioner must
overcome the "strong presumption that counsel's conduct falls
within the wide range of reasonable professional assistance."
Strickland, 466 U.S. at 689; see Galowski v. Berge, 78 F.3d 1176,
1180 (7th Cir. 1996). Petitioner must establish the "specific acts
or omissions of counsel that [Petitioner] believes constituted
ineffective assistance." Wyatt, 574 F.3d at 458. The Court then
determines whether "such acts or omissions fall outside the wide
range of professionally competent assistance." Id.

To satisfy the prejudice prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also Gentry v. Sevier, 597 F.3d 838, 851 (7th Cir. 2010). A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Failure to prove either prong is fatal to a claim of ineffective assistance. Chichakly v. United States, 926 F.2d 624, 630 (7th Cir. 1991); see also Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

### III. ANALYSIS

### A. Petitioner Did Not Waive His Right to Challenge His Sentence Based on Ineffective Assistance of Counsel.

When Mr. Williams pleaded guilty, he received concessions from Government, including the Government's agreement that the Government would recommend a sentence at the low end of the Sentencing Guidelines. As part of the exchange for these concessions, Mr. Williams waived the right to collaterally attack his

sentence.  Because the right to collaterally attack a conviction or sentence is a statutory creation, it "can be waived."  <u>United States v. Wilkozek</u>, 822 F.3d 364, 367 (7th Cir. 2016).  Moreover, "[i]t is well-settled that waivers of direct and collateral review in plea agreements are generally enforceable."  <u>Hurlow v. United States</u>, 726 F.3d 958, 964 (7th Cir. 2013); <u>see</u> <u>Oliver v. United States</u>, 951 F.3d 841, 846 (7th Cir. 2020) ("Finality matters in plea agreements, especially when the parties have negotiated for it expressly.").

However, Mr. Williams is not pursuing a stand-alone claim that the application of the § 851 sentencing enhancement was erroneous.  Rather, Mr. Williams's claim is that he received ineffective assistance of counsel during and before his sentencing hearing. Such a claim was expressly excluded from the collateral attack waiver.  <u>See</u> Criminal Case, d/e 18, ¶¶ 19–20; <u>Hurlow</u>, 726 F.3d at 965 ("A direct or collateral review waiver does not bar a challenge regarding the validity of a plea agreement (and necessarily the waiver it contains) on grounds of ineffective assistance of counsel; [defendant] need not have alleged that his counsel was ineffective in the negotiation of the waiver provision of

his plea agreement specifically.")  Accordingly, the Court finds that Mr. Williams's claim of ineffective assistance of counsel is not barred by the collateral attack waiver in his plea agreement.

## B.  Mr. Quivey's Performance During the 2018 Criminal Case Was Constitutionally Adequate.

Prior to and during Mr. Williams's 2018 sentencing hearing, the Government, the Court, the U.S. Probation Office, and Mr. Quivey all assumed that Petitioner's 2011 conviction under 720 ILCS 570/407(b)(1) was a predicate "felony drug offense"[1] that triggered 21 U.S.C. § 841(b)(1)(B)'s sentencing enhancement.  At the time of Mr. Williams's sentencing, § 841(b)(1)(B) provided for a minimum sentence of five years' imprisonment and a 4-year term of supervised release for any person who possessed more than 100 grams of heroin with intent to distribute.  For defendants with a prior "felony drug offense," however, the statutory minimum sentence was increased to ten years' imprisonment with an 8-year mandatory minimum term of supervised release.  At the 2018

---

[1] Under the current version of 21 U.S.C. § 841(b)(1)(B) a "serious drug felony" is needed to trigger the enhancement. However, at the time of Mr. Williams's sentencing, only a "felony drug offense," as defined in 21 U.S.C. § 802(44), was needed.

sentencing hearing, the Court found that Mr. Williams had a prior felony drug offense and determined that the ten-year and eight-year statutory minimums for imprisonment and supervised release applied.

The categorical approach is used to determine whether a state law drug conviction is a felony drug offense. United States v. Elder, 900 F.3d 491, 501 (7th Cir. 2018). See also Shular v. United States, 140 S. Ct. 779 (2020). "The categorical approach disregards the facts underlying a prior conviction, focusing instead on the statutory definition of the offense." United States v. Edwards, 836 F.3d 831, 834–35 (7th Cir. 2016). Courts must compare the elements of the state statute to the conduct proscribed by the federal definition. United States v. Franklin, 895 F.3d 954, 958 (7th Cir. 2018). If the statutory definition is the same as or narrower than the federal definition, the offense can be treated as a predicate offense. See Edwards, 836 F.3d at 835. "If state law defines the offense more broadly than the federal definition, the prior conviction doesn't qualify as a [predicate offense]," regardless of the defendant's actual conduct. Id. at 833.

In 2020, the Seventh Circuit applied the categorical approach in <u>United States v. Ruth</u>, 966 F.3d 642, and concluded that Illinois's definition of "cocaine," which includes positional isomers of cocaine, was broader than the federal definition of "cocaine," which does not include positional isomers.  <u>See</u> <u>id.</u> at 650.  The <u>Ruth</u> court further held that this discrepancy rendered the Illinois statute 720 ILCS 570/401(c)(2) "overbroad" such that the defendant's prior cocaine conviction was not a predicate "felony drug offense" under 21 U.S.C. § 841(b)(1)(C) and that the district court had, therefore, erred by applying the sentencing enhancement.

Mr. Williams, like the defendant in <u>Ruth</u>, was convicted under 720 ILCS 570/401(c)(2) for cocaine trafficking.  Unlike the defendant in <u>Ruth</u>, Mr. Williams's § 401(c)(2) convictions were lesser included offenses that merged into his convictions for delivery of cocaine within 1,000 feet of a public park under 720 ILCS 570/407(b)(1).  However, the two statutes rely on the same overbroad definition of cocaine, <u>see</u> 720 ILCS 570/206(b)(4), so <u>Ruth</u>'s holding that a conviction under § 401(c)(2) cannot serve as

a predicate felony drug offense applies to Mr. Williams's

convictions under § 407(b)(1).

Like the district court in <u>Ruth</u>, this Court erred when it

applied a sentencing enhancement based on Mr. Williams's prior

Illinois cocaine trafficking conviction.  But where the defendant in

<u>Ruth</u> raised the overbroadness argument and objected to the

enhancement at his sentencing, preserving the argument for

appeal, Mr. Williams agreed in his plea agreement and again at his

sentencing hearing that the enhancement applied and Mr.

Williams did not appeal his sentence.  Mr. Williams also waived his

right to collaterally attack his sentence except via a claim for

ineffective assistance of counsel.  Therefore, in addition to showing

that he was incorrectly sentenced, Mr. Williams must show that

his incorrect sentence was the result of a performance by Mr.

Quivey that "fell below an objective standard of reasonableness

when measured against 'prevailing professional norms.'"  <u>Osagiede</u>

<u>v. United States</u>, 543 F.3d 399, 408 (7th Cir. 2008) (quoting

<u>Strickland</u>, 466 U.S. at 689).

Mr. Williams cannot make this showing.  The evidence

presented shows that, in acceding to the § 851 enhancement, Mr.

Quivey was acting in accordance with the generally accepted best practices for defense counsel at the time.  Mr. Williams has not indicated any instance from before September 24, 2018 in which a defense attorney actually raised the overbroadness argument that he argues Mr. Quivey should have raised.  Nor has Mr. Williams shown that Mr. Quivey was required to invent the isomer overbroadness argument and bring it for the first time in order to provide effective assistance.  Having considered the totality of the circumstances present in the Criminal Case, the Court concludes that Mr. Quivey's performance was constitutionally adequate.

At the evidentiary hearing, Mr. Quivey confirmed that he had "a practice of reviewing [any § 851 enhancement notice filed by the Government] with the client and reviewing any avenues of ways to challenge it" and that he would have followed this practice in Mr. Williams's case.  See d/e 24, p. 12.  Mr. Williams does not challenge this assertion and has not suggested that Mr. Quivey failed to review the possibility of challenging the § 851 enhancement.  Nor does Mr. Williams suggest that Mr. Quivey's representation was inadequate for any reason other than the failure to raise the categorical approach challenge raised in Ruth.

Moreover, the evidence before the Court regarding Mr. Quivey's performance in the Criminal Case indicates that Mr. Quivey did an excellent job.  The sentencing commentary filed by Mr. Quivey on Mr. Williams's behalf in the Criminal Case was diligently and intelligently prepared, and Mr. Quivey's performance at the sentencing hearing was exemplary.  Furthermore, the strategy that Mr. Quivey chose to pursue by relying on a mitigation report and character testimony and emphasizing the nonviolent nature of Mr. Williams's criminal history secured Mr. Williams a sentence of only 120 months' imprisonment, significantly less than half of the Guidelines range of 262 to 327 months.  Nevertheless, Mr. Williams insists that Mr. Quivey was ineffective because he did not invent the categorical approach argument that eventually prevailed in the Seventh Circuit.

In Bridges v. United States, 991 F.3d 793 (7th Cir. 2021), the Seventh Circuit held that, while "[d]efense attorneys . . .  are generally not obliged to anticipate changes in the law," "there are some circumstances where [counsel] may be obliged to make, or at least to evaluate, an argument that is sufficiently foreshadowed in existing case law."  Id. at 804.  In Bridges, however, the need to

investigate whether a viable categorical approach argument existed was "especially pronounced" because the relevant federal definition had been amended and made narrower months before the offense was committed.  Id. at 805.  Additionally, the argument that defense counsel failed to raise in Bridges had already been successfully raised in a directly on-point published decision out of the Tenth Circuit months before the defendant signed his plea agreement, so defense counsel would have had only to discover the argument through research rather than to invent the argument himself.  Id.  Furthermore, the district court in Bridges had denied the defendant's motion without holding an evidentiary hearing, which is appropriate only when the motion and record "conclusively show that the prisoner is entitled to no relief."  Id. at 799 (quoting 28 U.S.C. § 2255).  The Seventh Circuit held that the defendant might possibly be entitled to habeas relief and remanded for an evidentiary hearing rather than a resentencing.  Id. at 797.

Here, the relevant federal definition of "cocaine" and the relevant Illinois definition of "cocaine" have both remained unchanged since the 1980s.  See Pub. L. No. 98-473 § 507(b) (1984); Act of Sept. 8, 1985, § 1, 1985 Ill. Laws 2288, 2292–93.

The change in the law that would occur in 2020 was the product of a new judicial approach to the interpretation of the relevant statutes, rather than changes in the statutes themselves, and there is no reason to suppose that Mr. Quivey was better positioned to predict the change than any of the hundreds of diligent and competent defense attorneys who concluded that Illinois cocaine trafficking convictions were "felony drug offenses" under § 841(b)(1)(B) in prior years.

Mr. Quivey should have "been on the lookout for categorical approach problems," see Bridges, 991 F.3d at 803, but even if he had been there is no reason to suppose that he would have been able to invent the complex, novel, and counter-intuitive "isomers" argument that eventually prevailed in Ruth.  In Bridges, the winning argument was waiting to be discovered in a published Tenth Circuit opinion, but there was no directly on-point decision in any jurisdiction in which Mr. Quivey could have discovered the Ruth argument.  A somewhat analogous argument had been successful in the Ninth Circuit in Lorenzo v. Sessions, 902 F.3d 930 (9th Cir., August 29, 2018) opinion withdrawn on denial of reh'g sub nom. Lorenzo v. Whitaker, 913 F.3d 930 (9th Cir. 2019),

and opinion superseded on denial of reh'g sub nom. Lorenzo v.
Whitaker, 752 F. App'x 482 (9th Cir. 2019).  However, Lorenzo
involved a different state and federal statute than the statutes at
issue in the Criminal Case and involved arguments about isomers
of methamphetamine rather than isomers of cocaine.  See id. at
934–38.  Anticipating that the Seventh Circuit would adopt the
isomer overbroadness argument and apply it to the Illinois
definition of "cocaine" would have required Mr. Quivey to anticipate
a change in the law, which defense attorneys are not typically
required to do.  See Bridges, 991 F.3d at 804.

The Federal Public Defender's Office sent an e-mail to the
mailing list FPD_ILC@yahoogroups.com on August 17, 2018
summarizing the holding in United States v. Elder, 900 F.3d 491
(7th Cir. 2018), and reminding defense counsel to "Remember to
Check those Prior Convictions!"  See d/e 23.  Mr. Quivey would
have received this e-mail and should therefore have been aware of
the Elder decision.  That decision involved an Arizona statute that
criminalized conduct relating to "dangerous drug[s]" and was
overbroad because it defined "dangerous drugs" to include
propylhexedrine and scopolamine, neither of which were included

in the corresponding federal statute.  See Elder, 900 F.3d. at 495–96.  To realize that the statute under which Mr. Williams had been convicted of cocaine trafficking was overbroad, Mr. Quivey would have had to combine the categorical approach followed in Elder with a modified version of the methamphetamine isomers argument that the Ninth Circuit accepted in Lorenzo.

In short, while all of the elements of a winning legal argument regarding the overbroadness of Illinois's definition of "cocaine" were available at the time of Mr. Williams's sentencing, putting them all together for the first time would have required an extraordinary display of imagination, scientific knowledge, and legal insight and acumen.  A defense attorney need not provide extraordinary representation to be effective, and a defense attorney representing a client before a district court is not expected to devote the same amount of time to researching ingenious new defenses that a law professor or an appellate defense attorney might.  It would not be realistic to demand that trial counsel anticipate the Seventh Circuit's holding in Ruth without access to any of the briefing or expert scientific testimony that the Seventh Circuit relied on in reaching its decision.  To be constitutionally effective, a defense

attorney need only deliver a performance that satisfies "an objective standard of reasonableness when measured against 'prevailing professional norms.'"  Wyatt v. United States, 574 F.3d 455, 457-58 (7th Cir. 2009) (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)).  Here, all of the available evidence shows that Mr. Quivey acted in accordance with the prevailing professional norms when he checked the § 851 enhancement and concluded that it could not be successfully challenged.  Mr. Quivey's representation of Mr. Williams during the Criminal Case was, therefore, constitutionally adequate.

Because Mr. Quivey provided adequate representation, Mr. Williams's § 2255 motion must be denied.  This result does not prevent Mr. Williams from requesting a modification of his sentence through a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) due to "extraordinary and compelling reasons" including the fact that his sentence is the result of this Court's assumption at sentencing as to the applicable statutory minimum term of imprisonment.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Cases requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner.  To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  For such a showing to exist, reasonable jurists must be able to "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court declines to issue Petitioner a certificate of appealability.

## V. CONCLUSION

For the reasons stated above, Petitioner Leonard Williams's Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 (d/e 1) is DENIED.  Any pending motions in this matter are DENIED as MOOT, any pending deadlines are TERMINATED, and any scheduled settings are VACATED.  This

case is CLOSED.

**ENTER:  October 22, 2021**

**FOR THE COURT:**

                                        _s/_*Sue E. Myerscough*
                                        **SUE E. MYERSCOUGH**
                                **UNITED STATES DISTRICT JUDGE**